**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 25-cv-11395<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Daniel P. McLaughlin |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Hexin Holding Limited ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against all remaining Defendants identified on the Schedule A attached hereto as Exhibit 1[1](the "Defaulting Defendants"), based on Plaintiff's action for infringement of its U.S. Design Patent No. US D933,333.

## STATEMENT OF FACTS

Plaintiff is the lawful assignee of all right, title, and interests in and to the U.S. design patent No. US D933,333 (the "Hexin Design"). [1] at ¶ 7. The patent was lawfully issued on October 19, 2021. *Id.* Plaintiff takes protecting its investment in intellectual property seriously and has expended a significant amount of time and money in promoting its shapeware products on online marketplaces. *Id.* at ¶ 9. The Hexin Design is broadly recognized by consumers. *Id.*

Defaulting Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule A. *Id.* at ¶ 19; Exhibit 1. Defaulting Defendants have offered

[1] "Defaulting Defendants" as used herein include all remaining Defendants listed on the Schedule A.

for sale and sold shapeware products using the Hexin Design without authorization or license (the "Infringing Products"). *Id.* at ¶¶ 2, 20, 29. Each Defaulting Defendant directs business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their Seller Aliases. *Id.* at ¶ 2. Additional factual assertions regarding Defaulting Defendants' infringing activities in Paragraphs 13-30 of the Complaint are incorporated herein. *Id.* at ¶¶ 13-30.

The screenshot printouts submitted as Exhibit 1 to Plaintiff's Motion for Expedited discovery show that an ordinary observer would be deceived into thinking that Defaulting Defendants' infringing products were the same as genuine Plaintiff's product [9]. In *Egyptian Goddess*, the Federal Circuit held that the sole test for determining design patent infringement is the "ordinary observer" test: "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing … purchase [of] one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess*, 543 F.3d 665. 676. The screenshot printouts regarding Defaulting Defendants' infringing activities show that an ordinary observer would be deceived into thinking that Defaulting Defendants' infringing products were the same as Plaintiff's genuine products. In comparison with Plaintiff's products, Defaulting Defendants' infringing products resemble Plaintiff's products so closely that they infringe upon Plaintiff's design patent.

Plaintiff filed its Complaint on September 19, 2025. [1]. On September 29, 2025, this Court granted Plaintiff's Motion for Expedited Discovery and Motion for Electronic Service of Process (the "Order"). [13]. Paragraph 2 of the Order permitted Plaintiff to complete service of process to Defaulting Defendants by electronically publishing a link to the Complaint, the Order, and other relevant documents on a website and sending an e-mail to the e-mail address provided for Defaulting

Defendants by third parties that includes a link to said website. [13] at ¶ 2. Defaulting Defendants were properly served on October 6, 2025. [16]. To date, none of the Defaulting Defendants has filed an answer or otherwise pled in this action. *See* Declaration of Faye Yifei Deng (the "Deng Declaration") at ¶ 2.

By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every domain name, online marketplace account and/or financial account used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five (5) years; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the Hexin Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the Infringing Products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and investigation records regarding purchase of the Infringing Products, including the identity of the person(s) responsible for such investigation. Deng Declaration at ¶ 3. Limited information provided by Amazon.com, Temu, and TikTok for Defaulting Defendants indicates that the known revenue generated by some Defaulting Defendants from the sale of the specific Infringing Product is up to at least $120,768.10. *Id.* at ¶ 5. Plaintiff does not have any infringing sales information for other potential Infringing Products sold by Defaulting Defendants.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff moves this Court for an Order entering default and default judgment finding that Defaulting Defendants identified on the Schedule A are liable on Count I patent infringement of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks damages in the form of a reasonable royalty pursuant to 35 U.S.C. §

284. Plaintiff further seeks entry of a permanent injunction prohibiting Default Defendants from selling Infringing Products.

## ARGUMENT

### I. Jurisdiction and Venue Are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C.§ 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targeted business activities toward consumers in Illinois and caused harm to Plaintiff's business within this Judicial District. *See* [1] at ¶¶ 2, 3; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offered shipping to the United States, including Illinois, accepted payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to consumers in the United States, including the State of Illinois. [1] at ¶ 2. Personal jurisdiction exists over Defaulting Defendants since they directly targeted their business activities toward consumers in the United States, including Illinois. *Id.* at ¶¶ 2, 3. Specifically, Defaulting Defendants were reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *Id. See NBA Properties,*

*Inc. v. HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see also Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

**II. Plaintiff Has Met the Requirements For Entry Of Default**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On September 19, 2025, Plaintiff filed its Complaint, alleging patent infringement pursuant to 35 U.S.C. § 271. [1]. Defaulting Defendants were properly served on October 6, 2025. [16]. Despite having been served with process, Defaulting Defendants have failed to answer or otherwise plead in this action. Deng Declaration at ¶ 2. On information and belief, Defaulting Defendants are Chinese entity/individual and could not be active-duty members of the U.S. armed forces. *Id.* at ¶ 4. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

**III. Plaintiff Has Met the Requirements For Entry Of Default Judgment**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that defendants are in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defaulting Defendants on October 6, 2025. [16]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court. Pursuant to 35 U.S.C. § 284, Plaintiff

requests an award of damages in the form of a reasonably royalty payment against each of the Defaulting Defendants for their infringement of Hexin Design. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infringing Products. Plaintiff further requests that the known infringing product revenue be awarded to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that it is the lawful assignee of all right, title, and interest in and to the Hexin Design. [1] at ¶ 7. Plaintiff has also alleged that Defaulting Defendants have offered for sale, sold, and/or imported into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Hexin Design. *Id.* at ¶¶ 2, 33. The screenshot of Defaulting Defendants' infringing listings shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the Hexin Design. [9]; *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff alleged that it has not licensed or authorized any Defaulting Defendants to use the Hexin Design, and none of the Defaulting Defendants is an authorized retailer of genuine Plaintiff products. [8] at ¶¶ 22, 29.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment for patent infringement against the Defaulting Defendants identified on the Schedule A.

**A. Plaintiff Is Entitled To Compensatory Damages, Pursuant To 35 U.S.C. § 284.**

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "A reasonable royalty 'may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant.'" *Monsanto Prod. Supply LLC v. Rosentreter*, No. 3:16-cv-03038, 2017 U.S. Dist. LEXIS 158532,at *11 (C.D. Ill. Sep. 27, 2017) (quoting *Rite—Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1554 (Fed.Cir.1995)). The "hypothetical negotiation approach 'requires the court to envision the terms of a licensing agreement reached as a result of a supposed meeting between the patentee and the infringer at the time the infringement began.'" *Id.* (quoting *Rite—Hite Corp.,* 56 F.3d at 1554).

Here, Plaintiff requests compensatory damages of $15,000 against each of the Defaulting Defendants, representing a reasonable royalty that Plaintiff would ask for from a non-affiliated licensee. Plaintiff has several licensed retailers that are affiliates of Plaintiff and target the North American market and pay Plaintiff an annual licensing fee of $7,000 for the design patent. Deng Declaration, at ¶ 5. Although Plaintiff never granted a license to a non-affiliate, it intends to demand at least $15,000 in royalty payment from a non-affiliate licensee. *Id.* If the Defaulting Defendants had approached Plaintiff for a license to sell products bearing the Hexin Design, the licensing fee received by Plaintiff would be at least $15,000 from each of the Defaulting Defendants because the Defaulting Defendants are not affiliates of Plaintiff. *Id.*

## IV. Plaintiff Is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in its design patent. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling

Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award damages against each of the Defaulting Defendants identified in the Schedule A in the amount of $15,000 under 35 U.S.C. § 284, and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products.

Date: October 27, 2025

Respectfully submitted,

*/s/ Faye Yifei Deng*

Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us
*Attorney for Plaintiff Hexin Holding Limited*