**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 25-cv-11395<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**Declaration of Faye Yifei Deng**

I, Faye Yifei Deng, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the States of California and New York and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff Hexin Holding Limited ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. I hereby certify that the Defaulting Defendants (as defined in the accompanying Memorandum) have failed to answer or otherwise plead in this action within the allotted time in violation of Federal Rule of Civil Procedure 12(a)(1)(A).

3. By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every domain name, online marketplace account and/or financial account used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and

profits of Defaulting Defendants for the last five (5) years; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the Hexin Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the Infringing Products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and investigation records regarding purchase of the Infringing Products, including the identity of the person(s) responsible for such investigation.

4. My office investigated the infringing activities of the Defaulting Defendants, including attempting to identify the registrant of each associated e-commerce store operating under the Seller Aliases and their contact information. Our investigation confirmed that the Defaulting Defendants are primarily domiciled in China. As such, I am informed and believe that the Defaulting Defendants are not active-duty members of the U.S. armed forces.

5. The limited information provided by Amazon.com, Temu, and TikTok for Defaulting Defendants indicates that the known revenue generated by some Defaulting Defendants from the sale of the Infringing Product is up to at least $120,768.10.

6. Plaintiff has several authorized retailers that are associated with Plaintiff and target the North American market and pay Plaintiff an annual licensing fee of $7,000. All the current licensees of Plaintiff are its affiliates. Although Plaintiff does not have any non-affiliate licensees, it intends to ask for at least $15,000 in royalty payment from a non-affiliate licensee. If the Defaulting Defendants had approached Plaintiff for a license to sell products bearing the Hexin Design, the licensing fee received by Plaintiff would be at least $15,000 from each of the Defaulting Defendants because the Defaulting Defendants are not affiliates of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of October 2025 in Los Angeles, California.

*/s/ Faye Yifei Deng*
Faye Yifei Deng